Dear Mr. Morgan:
You have asked for an opinion from this office concerning interpretation of L.R.S. 41:1702 which grants the owners of land contiguous to and abutting navigable waterbottoms belonging to the State the right to reclaim or recover land, including all oil, gas, and mineral rights lost through erosion by action of the navigable waterbody occurring on and after July 1, 1921. You have advised that a riparian landowner desires to reclaim his property, which is subject to a producing State lease, and he has asked whether he is entitled to the royalties attributable to the State lease after reclamation.
In the opinion of this office, the landowner is not entitled to the royalties of a producing state lease on property reclaimed by the riparian pursuant to L.R.S. 41:1702. In this regard, we refer you to L.R.S. 41:1702
(E) which states:
 Except to the extent that the land lost through erosion continues to be encumbered by an oil, gas, and mineral lease and subject to R.S. 9:1151, upon emergence of any land within the reclamation area, said land shall be reacquired and owned by the riparian owner subject to and encumbered with any right-of-way or servitude grant, or any mineral, geothermal, geopressure, or any lease granted by the state for a lawful purpose while the reclaimed land was an eroded area, the rights of the state or lessee thereunder to be in no manner abrogated or affected by the reclamation and to remain free and clear of any claim by the riparian owner for compensation out of the proceeds of the grant or lease or otherwise. The above quoted subsection appears clear in that the landowner who reclaims property is not entitled to any compensation out of the proceeds of the lease and that the State's interests thereunder are in no way affected. In our opinion, proceeds of the lease certainly include royalties and this is confirmed by reference in the subsection to L.R.S. 9:1151 which states that where a change occurs in the ownership of land or waterbottoms as a result of the actions of a navigable stream, bay or lake, the new owner of such land or waterbottom takes the property subject to any mineral lease and subject to the mineral and royalty rights of the lessors in such lease. L.R.S. 9:1151.
Consequently, since there is a producing State lease upon this property, the landowner is entitled to reclaim his land subject to the lease but he is not entitled to receive any compensation from this lease including the royalty thereof.
If we can be of further service in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General